IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Hydro Net LLC,**  Plaintiff,  v.  **Inhand Networks, Inc.,**  Defendant. | Case No. 1:20-cv-357  Patent Case  Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hydro Net LLC ("Hydro Net"), through its attorneys, complains of Inhand Networks, Inc. ("Inhand"), and alleges the following:

### PARTIES

1. Plaintiff Hydro Net LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 2108 Dallas Pkwy, Ste 214 - 1020, Plano, TX 75093-4362.

2. Defendant Inhand Networks, Inc. is a corporation organized and existing under the laws of Virginia that maintains its principal place of business at 3900 Jermantown Rd., Suite 150 Fairfax, VA 22030.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Hydro Net has suffered harm in this district.

## PATENT-IN-SUIT

7. Hydro Net is the assignee of all right, title and interest in United States Patent No. 7,187,706 (the "'706 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Hydro Net possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## The '706 Patent

8. The '706 Patent is entitled "Handoff and source congestion avoidance spread-spectrum system and method," and issued 3/6/2007. The application leading to the '706 Patent was filed on 10/2/2001. A true and correct copy of the '706 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '706 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '706 PATENT

10. Hydro Net incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '706 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Inhand's InRouter900 Industrial LTE M2M Router (among the "Exemplary Inhand Products") that infringe at least exemplary claims 1 of the '706 Patent (the "Exemplary '706 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '706 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '706 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '706 Patent. On information and belief, Defendant has also continued to sell the Exemplary Inhand Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '706 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '706 Patent.

15. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '706 Patent, literally or by the doctrine of equivalents, by selling Exemplary Inhand Products to their customers for use in end-user products in a manner that infringes one or more claims of the '706 Patent.

16. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '706 Patent, literally or by the doctrine of equivalents, by selling Exemplary Inhand Products to their customers for use in end-user products in a manner that infringes one or more claims of the '706 Patent. Moreover, the Exemplary Inhand Products are not a staple article of commerce suitable for substantial noninfringing use.

17. Exhibit 2 includes charts comparing the Exemplary '706 Patent Claims to the Exemplary Inhand Products. As set forth in these charts, the Exemplary Inhand Products practice the technology claimed by the '706 Patent. Accordingly, the Exemplary Inhand Products incorporated in these charts satisfy all elements of the Exemplary '706 Patent Claims.

18. Hydro Net therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19. Hydro Net is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Hydro Net respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Hydro Net respectfully requests the following relief:

A. A judgment that the '706 Patent is valid and enforceable;

B. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '706 Patent;

C. An accounting of all damages not presented at trial;

4

D.     A judgment that awards Hydro Net all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Hydro Net for Defendant's infringement, an accounting:

　　i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Hydro Net be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

　　ii. that Hydro Net be awarded costs, and expenses that it incurs in prosecuting this action; and

　　iii. that Hydro Net be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: March 31, 2020　　　　　　Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Hydro Net LLC**